1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
DONALD L. DENNEY,

12
                        Petitioner,

13
        v.

14
GONZALES, Warden

15
                       Respondent.

Civil No.    07-2317 LAB (WMc)

**ORDER DISMISSING CASE
WITHOUT PREJUDICE**

16
       Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17
Corpus pursuant to 28 U.S.C. § 2254.

18
                  **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19
       Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20
pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee

21
or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.

22
See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must

23
submit, **no later than February 14, 2008,** a copy of this Order with the $5.00 fee or with

24
adequate proof of his inability to pay the fee.

25
                  **FAILURE TO NAME A PROPER RESPONDENT**

26
       Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On

27
federal habeas, a state prisoner must name the state officer having custody of him as the

28
respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

-1-

U.S.C. foll. § 2254).  "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner incorrectly named "Gonzales" as Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court."  Id. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  In fact, he specifically indicates he did not seek review in the California Supreme Court.  (See Pet. at 6.)  If Petitioner has raised his claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d

615, 619 (4th Cir. 1998);  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997);  <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

1    **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

2    Finally, upon review of the Petition, it appears to the Court that a Petition for Writ of

3    Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner

4    presents.  Petitioner lists various problems he claims he is facing in prison.  Specifically,

5    Petitioner claims that prison overcrowding is delaying treatment of his medical problems.  (Pet.

6    at 6.)  Petitioner's claim is not cognizable on habeas because it does not challenge the

7    constitutional validity or duration of confinement.  See 28 U.S.C. § 2254(a); Preiser v.

8    Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).

9    "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum,

10   376 F. Supp. 284, 285 (D. Ariz. 1974).

11   In no way does Petitioner claim his state court conviction violates the Constitution or laws

12   or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for

13   summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

14   any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4,

15   28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled

16   to federal habeas relief because he has not alleged that the state court violated his federal rights.

17   Challenges to the fact or duration of confinement are brought by petition for a writ of

18   habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are

19   brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  See Preiser, 411 U.S. at 488-500.

20   When a state prisoner is challenging the very fact or duration of his physical imprisonment, and

21   the relief he seeks is a determination that he is entitled to immediate release or a speedier release

22   from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Id. at 500.  On the

23   other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional

24   challenge to the conditions of his prison life, but not to the fact or length of his custody.  Id. at

25   499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).  It

26   / / /

27   / / /

28   / / /

1  appears that Petitioner challenges the conditions of his prison life, but not the fact or length of

2  his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

3  **CONCLUSION**

4      Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to

5  satisfy the filing fee requirement, failure to name a proper respondent, failure to allege

6  exhaustion of state judicial remedies and failure to state a cognizable claim on habeas corpus.

7      If Petitioner wishes to challenge the validity of his state court conviction or the length of

8  his state sentence, he must, **no later than <u>February 14, 2008</u>**: (1) pay the $5.00 filing fee or

9  submit adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which cures

10  the deficiencies outlined above.

11      If Petitioner wishes to challenge the conditions of his confinement, he must file a new

12  civil action pursuant to 42 U.S.C. § 1983 which will be given a new case number.  **The Clerk**

13  **of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis, a**

14  **blank Amended Petition form pursuant to 28 U.S.C. § 2254 and a blank civil rights**

15  **complaint pursuant to 42 U.S.C. § 1983.**

16      **IT IS SO ORDERED.**

17

18  DATED:  December 20, 2007

19

20  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

21

22

23

24

25

26

27

28